# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant"). (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Zoila Villafana and Eduardo Garcia Calvera ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I. Background

On July 21, 2017, Plaintiff filed a complaint in Los Angeles County Superior Court. (Notice of Removal Ex. A.) The complaint generally relates to the conduct of Defendant and co-defendant First American Title Insurance Company ("First American") in pursuing and completing a non-judicial foreclosure of real property that Plaintiffs had owned and inhabited. The complaint alleges causes of action for: (1) recordation of a Notice of Default without first contacting Plaintiffs, in violation of Civil Code § 2923.5; (2) sale of the property at issue while an application for loan modification was pending, in violation of Civil Code § 2923.6; (3) recording a Notice of Trustee's Sale without proper notice, in violation of Civil Code § 2924G(e)(2); (4) quiet title to the property; (5) cancellation of an instrument, specifically the trustee's deed of sale; and (6) a pattern of unlawful and fraudulent activity similar to that alleged with respect to Plaintiffs, in violation of Business and Professions Code § 17200 et seq.

Defendant was served with the complaint on August 18, 2017. (Notice of Removal at 9.) On September 18, 2017, Defendant filed the instant Notice of Removal. According to the Notice of Removal, the consent to removal of co-defendant First American is not required because First American was fraudulently joined.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

One exception to the complete diversity requirement is "nominal party" status. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000)). "Removing Defendants bear the burden of proving a defendant is a nominal party." Latino v. Wells Fargo Bank, N.A., No. 2:11-cv-02037-MCE-DAD, 2011 WL 4928880, at *2 (E.D. Cal. Oct.17, 2011).

The Ninth Circuit also has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**III.    Analysis**

In the Notice of Removal, Defendant asserts that Plaintiffs are citizens of California. (Notice of Removal at 2-3.) Defendant states that as a national banking association, it is a citizen of South Dakota. (Id. at 4.) Finally, Defendant states that First American is a citizen of California but that its citizenship should be disregarded for diversity purposes. (Id. at 5-6.)

   A.    Plaintiff

As a preliminary matter, Defendant has not provided the Court with enough information to determine the Plaintiffs citizenship. In their complaint, Plaintiffs allege only that they are individuals "residing in the County of Los Angeles, State of California." (Compl. ¶¶ 1, 2, Notice of Removal Ex. A.) To bolster its assertion that Plaintiffs are California citizens, Defendant points to: those allegations in the complaint; Plaintiffs' (at least prior) ownership and residency at the property that is the subject of the action; Plaintiffs' allegations that they sought a loan modification under the Homeowners' Bill of Rights, which Defendants argue applies only to owner-occupied dwellings as the primary residence; Plaintiffs' checking accounts with Defendant and Bank of America; a July 6, 2017 Request for Mortgage Assistance submitted to Defendant in which Plaintiffs stated that the property was their primary residence; and statements made by Plaintiffs in bankruptcy petitions, including listing a residence in Los Angeles, California, and indicating that Plaintiffs lived in the Central District of California longer than in any other district over the preceding 180 days. (Notice of Removal at 2-3.) Defendant asserts that "[u]pon information and belief, plaintiffs in this action reside in California with the intention to remain indefinitely," citing case a Tenth Circuit case for the proposition that the place of residence is prima facie evidence of an individual's domicile. (Id. at 3.)

The complaint's allegations and the other support for removal offered by Defendant demonstrate only Plaintiffs' residency; they fail to establish Plaintiffs' citizenship. See Kanter, 265 F.3d at 857. One may own property in a particular state, and reside there, without being a citizen of that state. See Kanter, 265 F.3d at 857. It is true that the provision of the Homeowners' Bill of Rights cited by Defendant,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

California Civil Code § 2924.15(a), applies only to "owner-occupied residential real property," which "means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." But resort to that statute adds little to the complaint's mere allegations of residency, and it does not establish Plaintiffs' citizenship. See Yhudai v. Mortg. Elec. Registration Sys., Inc., No. CV 15-05035 MMM (JPRx), 2015 WL 5826777, at *7 (C.D. Cal. Oct. 2, 2015) (rejecting fact of an individual's reliance on the Homeowners' Bill of Rights as establishing an intent to remain in California and stating that "[t]he court cannot infer that the owner-occupied requirement is met simply from the fact that [the plaintiff] asserts a claim under HBOR, as the complaint contains no factual allegations to that effect, and the HBOR claim might be subject to dismissal on that ground.").

The Court cannot agree with Defendant's suggestion that Plaintiffs' ownership of a property or residence in California is prima facie evidence that Plaintiffs are domiciled in California. Because Defendant can only support its allegations of Plaintiff's citizenship by pointing to Plaintiffs' residence and property ownership, neither of which is the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      B.     First American

The complaint alleges only that First American is "headquartered in Santa Ana, California" (Compl. ¶ 4), but Defendant states in its Notice of Removal that First American "is a California Corporation" (Notice of Removal at 5). As noted above, a corporation is considered a citizen of both its states of incorporation and principal place of business. Defendant's failure to establish both would be insufficient to invoke this Court's diversity jurisdiction, as the Court cannot determine whether the parties' citizenship truly is diverse. However, Defendant contends that the Court should disregard First American's citizenship. Defendant argues that First American is only a nominal party as the trustee named in the deed of trust encumbering the property that is the subject of this litigation; that First American's actions are privileged under California Civil Code § 2924(d), precluding tort claims related to giving notice in non-judicial foreclosures; and that First American was fraudulently joined because the complaint does not allege any wrongdoing on its part. (Notice of Removal at 5-6.)

The allegations in the Complaint do not necessarily establish that First American is either a nominal party or fraudulently joined. See Perkins v. JPMorgan Chase Bank, N.A., No. CV 16-445-PSG(SSx), 2016 WL 3844205, at *23 (C.D. Cal. July 15, 2016) ("In sum, the Court finds that MTC is not a nominal party at this time. As a result, MTC's citizenship is relevant to the diversity analysis. Because Plaintiff and MTC are citizens of California, complete diversity does not exist and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

Chase has failed to satisfy its 'burden of establishing that removal is proper.'") (citing Gaus, 980 F.2d at 566); Gomez v. Wells Fargo Bank, N.A., No. C 15-2996 SBA, 2015 WL 4592060, at *2 (N.D. Cal. July 28, 2015) ("In sum, the Court concludes that Wells Fargo has failed to carry its burden of demonstrating that Cal-Western is either fraudulently-joined or a nominal party whose citizenship may be disregarded for purposes of diversity jurisdiction."); Nance v. Cal-W. Reconveyance Corp., No. LA CV14-07950 JAK, 2015 WL 452747, at *3 (C.D. Cal. Jan. 29, 2015) (citing Latino v. Wells Fargo Bank, N.A., No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011)); Silva v. Wells Fargo Bank NA, 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011) (acknowledging that "the trustee on a deed of trust is often a nominal party" but finding the complaint on its face adequately pleaded claims against Cal-Western as trustee).

For example, Plaintiffs' second cause of action alleges a violation of California Civil Code § 2923.6 when Defendant had the property sold despite Plaintiffs' having submitted a loan modification application, but the statute provides that a notice of default or notice of sale should not be recorded if a borrower submits an application for a loan modification. (Compl. ¶¶ 42-51.) Defendant fails to explain why this cause of action could not be asserted against First American. See Monet v. JPMorgan Chase Bank, N.A., No. 16-CV-00372-LHK, 2016 WL 945980, at *4 (N.D. Cal. Mar. 14, 2016) ("Chase contends that Plaintiff makes no substantive allegations in the complaint against QLS [, the trustee]. However, the complaint alleges that QLS recorded a notice of default even though Chase has not made a written determination that Plaintiff is ineligible for a first lien loan modification, in violation of section 2923.6. Chase does not explain why these allegations are insufficient to state a claim against QLS." (citation omitted)). Indeed, contrary to Defendant's assertions that the complaint does not include any allegations of wrongdoing on the part of First American, the complaint alleges that both Defendant and First American improperly proceeded with a foreclosure despite Plaintiff's application for a loan modification. (Compl. ¶¶ 23-24.) Indeed, Plaintiffs allege in the second cause of action that "these Defendants"–not just Defendant–"have 'dual-tracked' the foreclosure of Plaintiffs' home." (Id. ¶ 49.) That Plaintiffs do not include First American in the heading for the statutory causes of action in the complaint as filed does not mean that Plaintiff could not later amend its pleading to do so and to assert those claims against First American. See Monet, 2016 WL 945980, at *5 ("Chase argues that the complaint does not contain any substantive allegations about QLS. . . . In this case, by contrast, Plaintiff alleges wrongdoing by QLS. Specifically, the complaint alleges that QLS recorded a notice of default even though Chase has not made a written determination that Plaintiff is ineligible for a first lien loan modification. As discussed above, these allegations may be sufficient to state a claim against QLS for violation of California Civil Code § 2923.6(c). Thus, Chase has not met its burden to show that QLS is a nominal defendant.").

Additionally, immunity under California Civil Code § 2924(d) does not preclude Plaintiffs from asserting any claim against First American. See, e.g., Nance, 2015 WL 452747, at *4 ("Wells Fargo also relies on the statutory immunities set forth in Cal. Civ.Code § 2924(d) in support of its position that Cal-Western is a nominal party. District courts have rejected this position." (footnote omitted)); Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1064-66 (C.D. Cal. 2012) ("Defendants

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 17-6852 PA (SSx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Zoila Villafana, et al. v. Wells Fargo Bank, N.A., et al. | | |

contend . . . that as a trustee, Cal-Western is immunized as a matter of law from liability on tort causes of action. . . . Most of plaintiffs' claims sound in tort, making them subject to California Civil Code 47. The privilege of a trustee is not absolute, however." (footnote omitted)). Plaintiffs allege that they personally attempted to make First American aware of Plaintiffs' bankruptcy proceedings in an effort to stop the foreclosure, but that First American and Defendant proceeded anyway. (Compl. ¶¶ 26-27.) Plaintiffs also claim that Defendant's actions were part of a larger scheme of fraudulent conduct (id. ¶¶ 73-79), and Defendant does not explain why Plaintiff could not allege that First American – which is alleged to have acted at Defendant's behest – was a part of that scheme or was Defendant's agent.

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles, 845 F. Supp. 2d at 1062 (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Court finds Defendant has not met the "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on their claims against First American. See Plute, 141 F. Supp. 2d at 1008. Nor can the Court conclude, on this record, that Plaintiffs would not be afforded leave to amend his Complaint to state a viable claim against First American. See Padilla, 697 F. Supp. 2d at 1159. As a result, the Court finds that First American has not been fraudulently joined and this Court cannot ignore its citizenship for purposes of assessing the propriety of Defendant's Notice of Removal. Notwithstanding Defendant's failure to completely establish First American's citizenship, Defendant has admitted that First American is a California citizen. Thus, if Plaintiffs are California citizens, as Defendant claims, then there is not complete diversity among the parties, and this Court lacks subject matter jurisdiction.

For all of the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC669589, for lack for subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's motion to dismiss (Docket No. 8) is denied as moot.

IT IS SO ORDERED